IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT PLACE PHARMACY, LLC, | § |
| Plaintiff, | § |
| v. | §  C.A. No. 4:17-cv-1598 |
| OPTUMRX, LLC, | § |
| Defendant. | § |

## NOTICE OF REMOVAL

Defendant, for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Houston Division, respectfully states as follows:

1. **State Court Action.** This is an action filed by Plaintiff on April 24, 2017 in the 11th Judicial District Court of Harris County, Texas, being numbered 2017-27019 on the docket of said court, and essentially being a suit by Plaintiff alleging Defendant's conversion of $201,540 in funds belonging to Plaintiff as a result of an audit.

2. **Diversity of Citizenship.** This action is removable under 28 U.S.C. § 1332 inasmuch as the amount in controversy exceeds $75,000.00 and is between parties with diverse citizenship. Plaintiff is a Texas limited liability company that is "locally owned" (*see* Plaintiff's Original Petition, ¶ III; *see* Exhibit A),[1] and Defendant, correctly named OptumRx, Inc., is a California corporation, with its principal place of business in Irvine,

---

[1] The Court may take judicial notice of public disclosure documents filed with governmental agencies. *See* Fed. R. Evid. P. 201; In Re BP p.l.c. Sec. Litig., 922 F. Supp. 2d 600, 614 (S.D. Tex. 2013).

California (*see* Declaration, Exhibit B).[2] There is no UnitedHealth Group, Inc. affiliate or entity named OptumRx, LLC; rather, the correct name of the entity that completed the subject audit is OptumRx, Inc. (*See* Exhibit B). Therefore, Plaintiff is a citizen of Texas, and Defendant is a citizen of California for removal and diversity purposes. There is complete diversity of citizenship between Plaintiff and Defendant at the time of filing suit and at the time of removal.

3. **The Amount in Controversy Exceeds $75,000.00** Plaintiff's Petition specifically alleges damages of $210,540.47, plus punitive damages in the amount of $800,000, imposition of a constructive trust to recoup $97,205.00, and an unspecified amount of damages for attorneys' fees (Petition, ¶¶ VI and VII). This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Norplant Contraceptive Products Litigation*, 918 F.Supp. 178 (E.D.Tex. 1996) (removal is proper if defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount). This action is wholly of a civil nature.

4. **Removal is Timely.** Removal is timely under 28 U.S.C. § 1446(b), as Defendant was served with a copy of the Plaintiff's Original Petition on April 27, 2017. (*See* Exhibit E) *See, Murphy Bros., Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 354 (1999); *see also, Spoon v. Fannin County Cmty. Supervision & Corr. Dep't*, 794 F.

---

[2] Nonetheless, Plaintiff alleges Defendant is a California company (*See* Plaintiff's Original Petition, ¶7).

Supp. 2d 703, 705 (E.D. Tex. 2011) ("The Fifth Circuit has further established that the thirty day period starts to run as soon as the first defendant is served.").

5. **State Court Documents Attached.** Pursuant to Rule 81 of the Local Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding lettered exhibits:

| | **Document** | **Date Filed** |
|---|---|---|
| C. | Docket Sheet | N/A |
| D. | Plaintiff's Original Petition | 04/24/2017 |
| E. | Citation/CT Corporation | 04/25/2017 |
| F. | Plaintiffs' Request for Disclosures | 05/09/2017 |
| G. | Defendant's Original Answer | 05/19/2017 |

A List of Parties, Counsel, and State Court Information is set forth in the Supplemental Civil Cover Sheet attached hereto.

6. **Notice.** Defendant will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

7. **Prayer.** Defendant prays that the United States District Court for the Southern District of Texas, Houston Division, accept this Notice of Removal, that it assume jurisdiction of this cause, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: May 25, 2017

Respectfully submitted,

By: /s/ Andrew G. Jubinsky
  Andrew G. Jubinsky
  Texas Bar No. 11043000
  Fed. I.D. No. 8603
  andy.jubinsky@figdav.com
  **Attorney-in-Charge**

**Of Counsel:**
Raymond E. Walker
Texas Bar No. 24037663
Fed. I.D. No. 36366
ray.walker@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on May 25, 2017.

**Via CMRRR:**
Nizar A. DeWood, Esq.
nizar@dewood-law.com
DeWood, P.C.
4200 Montrose Blvd, Suite 540
Houston, TX 77006
Tel. (713) 492-2274
Fax. (888) 398-8428
*Attorney for Plaintiff Scott Place Pharmacy*

    /s/ Andrew G. Jubinsky
    Andrew G. Jubinsky