Case 4:17-cv-01598   Document 1-6   Filed in TXSD on 05/25/17   Page 1 of 10

4/24/2017 10:53:54 AM
Chris Daniel - District Clerk Harris County
Envelope No. 16615735
By: Jelilat Adesiyan
Filed: 4/24/2017 10:53:54 AM

NO. _____

| | | |
|---|---|---|
| **SCOTT PLACE PHARMACY, LLC** | § | **IN THE DISTRICT COURT** \_\_\_\_\_ |
| | § | **JUDICIAL DISTRICT OF HARRIS** |
| | § | **COUNTY, TEXAS** |
| **Plaintiff** | § | |
| V. | § | |
| | § | |
| **OptumRX, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff Scott Place Pharmacy, LLC ("Plaintiff SPP"), for its complaint against Defendant OptumRx, LLC ("Defendant ORX"), and for its causes of action states as follows:

### I.  DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff submits that discovery should be conducted under Discovery Level 2 as the amount sought is more than $200,000 but less than $1,000,000.

### II.  JURISDICTION AND VENUE

2. The subject matter in controversy is within the jurisdictional limits of this court. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

3. This court has jurisdiction over the parties because Plaintiff SPP is a resident and citizen of Texas, and Defendant ORX is a foreign corporation authorized to conduct and continues to conduct business in the State of Texas as a "Third Party Administrator" for various healthcare benefits plans in Texas.

4. Venue in Harris County is proper because all facts concerning this action arose

exclusively in Harris County, Houston, TX.

## III. NATURE OF CASE

5. This action arises out of Defendant ORX's unlawful conversion of $201,540 in funds belonging to Plaintiff SPP. As a result, Defendant ORX is liable for tortious conversion, unjust enrichment, recoupment, and violation of Texas Insurance laws.

## PARTIES AND SERVICE

6. Plaintiff Scott Place Pharmacy, LLC ("Plaintiff SPP") is a duly organized Texas limited liability company whose address is 8990 Kirby Drive Suite 240, Houston, Texas 77054. Plaintiff SPP is a locally owned independent pharmacy.

7. Defendant OptumRx, LLC, ("Defendant ORX") is a California based limited liability company, and is a registered foreign corporation in the State of Texas. Service of process can be made at its resident agent CT Corporation System 1999 Bryan St., Ste. 900 Dallas, TX 75201 by personal delivery or certified mail.

## IV. FACTS

**Defendant ORX: Background**

8. Defendant ORX is a Pharmacy Benefits Manager ("PBM") that acts as the "middleman" between pharmacies and insurance prescription healthcare plans. As the middleman, Defendant ORX can deny prescription benefits claims, reduce claim amounts, suspend and seize due and owing funds for already submitted claims, reverse prescription claims, suspend payments, delay credentialing of pharmacies, and terminate network participation agreements with pharmacies for virtually any reason it unilaterally deems fit.

9. Defendant ORX is also a <u>pharmacy</u>, and directly competes with the very same

EXHIBIT D

pharmacies that are in Defendant ORX's network. Therefore, Defendant ORX is a <u>third-party administrator</u>, <u>pharmacy</u>, and <u>auditor</u> all rolled into one entity.

10. Defendant ORX, as a third-party administrator for various healthcare plans, including Medicare/Medicaid, has the power to access Plaintiff SPP's customer lists and compete directly with Plaintiff, and other similarly situated pharmacies.

11. In such a role, Defendant ORX has every incentive to deny claims, suspend payments, and change reimbursement policies with little or no notice to the pharmacies in its network.

12. Defendant ORX is owned and operated by United Health Care ("United"), a company with a serious and repeated history of healthcare fraud and abuse. United has a history of defrauding Medicare and Medicaid programs, and has been found liable for serious violations of various states' healthcare fraud waste and abuse laws, including Texas.

**Plaintiff SPP: Background**

13. On August 1, 2016, Plaintiff SPP purchased the assets of VPharm Consulting Clinical Services (d/b/a Texas Care Pharmacy). Thus, all billings for all prescriptions, patients, and inventory, starting August 1, 2016 became the property of Plaintiff SPP.

14. Plaintiff SPP did not assume any of the previous Texas Care Pharmacy's liabilities, taxes, payroll, or any other obligations, nor did Plaintiff acquire any equity interest in the previous Texas Care Pharmacy.

15. Plaintiff SPP signed a valid power of attorney with the previous owner to permit Plaintiff to continue operations until all licensing and other healthcare credentialing applications are complete, a standard practice in all pharmacy sales and transfers.

16. Between October and December 2016, Plaintiff SPP obtained a new pharmacy license,

EXHIBIT D

a new DEA number, NCPDP (provider identification number), and NPI numbers - all necessary for a new pharmacy to commence operations.

17. On August 24, 2016, Defendant OptumRx initiated an audit of the previous Texas Care Pharmacy for transactions occurring between July 1, 2015 through June 1, 2016. **None of these transactions related to Plaintiff SPP because Plaintiff was not even in existence until after August 1, 2016.**

18. On December 12, 2016, Defendant ORX without notice converted $201,345 of funds belonging to Plaintiff Scott Pharmacy based on an unrelated and an incomplete audit of Texas Care in violation of Texas Insurance Code §1346.235.

19. Though the audit had no relation to Plaintiff SPP, the previous owner of Texas Care Pharmacy diligently cooperated and provided Defendant ORX with the list of all patients, prescriptions, dispensing reports, and most invoices requested by Defendant ORX's auditors.

20. There is no dispute that the previous Texas Care Pharmacy filled and delivered all prescriptions that were the subject of Defendant ORX's audit. Thus, there were **no** losses to Defendant ORX, or any healthcare waste, fraud, and abuse by the previous owner.

**Defendant ORX's Unlawful Audit Practices**

21. On December 12, 2016, Defendant ORX began sending Texas pharmacies pre-prepared boiler-plate language letters containing unspecified allegations of "suspected healthcare fraud and abuse." Such letters would usually follow a routine audit of a pharmacy.

EXHIBIT D

22. The boiler-plate letter appeared to have been mailed to numerous pharmacies in just the Houston-metro area to the point that some letters confused the names of one pharmacy with others.

23. These boiler-plate letters would contain identical <u>vague</u> allegations of "suspected healthcare fraud waste and abuse" without any specific factual findings as required under Texas Insurance laws.

24. Defendant ORX would then use these letters as a pretext to immediately suspend claims, and seize substantial funds due and owing to the independent pharmacy in complete violation of Texas Insurance Code Section 1369.263(a)-(c), which requires Defendant ORX to provide each audited pharmacy detailed factual findings of its audit, and a 30-day response period.

25. Under no circumstances does Texas Insurance law allow Defendant ORX to unilaterally and summarily convert, seize, and or suspend payments to a pharmacy based on a single sentence alleging "waste fraud and abuse" without complying fully with Section 1369.263(a)-(c) of the Texas Insurance Code.

**Defendant ORX's Bad Faith Practices**

26. In cases where Defendant ORX cannot find any violations in its audits, Defendant ORX would then ask an audited pharmacy to produce inventory invoices relating to the audited prescriptions to support the source of the inventory used to fill the prescriptions.

27. However, when pharmacies do produce invoices to support their inventory purchases, Defendant ORX would reject these valid invoices based on Defendant ORX's unilateral and one-sided policies.

28. An example of such unlawful policy would be to reject invoices dated prior to a specific

EXHIBIT D

audit period. Thus, if a pharmacy purchased inventory of an item in bulk on April 30, 2016 to take advantage of a discount from a wholesaler, and the audit requests invoices dated after May 1, 2016, Defendant ORX would reject the invoices for the medications in question simply because their invoices are dated prior to Defendant ORX's arbitrarily-set audit period.

29. Defendant ORX would then use the "improper invoice" as an excuse to summarily forfeit hundreds of thousands of dollars from the independent pharmacy even though there **<u>are no financial-losses</u>** whatsoever, and even though the invoice issue is totally unrelated to the validity of audited prescriptions.

30. Nothing in Texas law permits Defendant ORX to violate the public policy against forfeiture especially when Defendant ORX cannot show a penny in losses.

31. Defendant ORX has used this contrived "invoice policy" practice to profound effect to reverse millions of dollars' worth of independent pharmacy claims, even though every patient received their prescriptions, and there is virtually no monetary loss to Defendant ORX.

32. Defendant ORX's practice of using contrived and unlawful policies to forfeit the assets of independent pharmacies is consistent with Defendant ORX's parent company United's repeated fraudulent and abuse of federal and state healthcare laws.

33. In addition to causing serious financial harm to Plaintiff SPP, Defendant ORX then actively works to use patient lists of the independent pharmacies (including Plaintiff SPP) that it audits to refer these patients to its affiliated pharmacy Walgreens, and its own internet-mail order pharmacy, all to the detriment of independent pharmacies in violation of Federal and Texas Antitrust laws, (a matter that will be handled by a

EXHIBIT D

separate anti-trust class action on behalf of all pharmacies in the State of Texas).

34. Plaintiff SPP notified Defendant ORX several times that i) it violated Texas Insurance Code Section 1369.263, ii) that it unlawfully converted Plaintiff's funds, iii) intentionally disregarded Plaintiff's corporate entity, and iv) failed to follow its own Pharmacy Manual. Despite these repeated requests, Defendant ORX has refused to respond.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### CONVERSION

35. Plaintiff incorporates the above paragraphs as if the same were fully set forth herein.

36. Defendant ORX intentionally, secretively, knowingly, and maliciously interfered with Plaintiff's property rights in negotiable instruments worth $210,540.47, checks that are the lawful property of Plaintiff SPP.

37. Plaintiff SPP had title and right to possession of the $210,540.47.

38. Plaintiff SPP made repeated written demands to Defendant ORX for the return of the $210,540.47. Defendant ORX acknowledged receipt of those notices, but refused to return the funds.

39. Defendant ORX is therefore liable for conversion in the amount of $210,540.49.

40. Plaintiff SPP also requests punitive damages in an amount of no less than $800,000 to punish and deter Defendant ORX from converting Plaintiff's financial assets due to nothing more than their stronger bargaining position as a third-party administrator.

EXHIBIT D

## SECOND CAUSE OF ACTION
## VIOLATION TEXAS INSURANCE CODE SECTION 1369.263 (a)-(c)

41. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

42. Texas Insurance Code 1369.263(a)-(c) requires that Defendant ORX provide a pharmacy with notice of any audit, preliminary findings, and opportunity to respond within 30 days before it issues a final decision, and certainly before it converts any financial assets belonging to the pharmacy.

43. Defendant ORX failed to provide Plaintiff SPP, Texas Care Pharmacy, and upon information dozens of other pharmacies with fair notice, accurate and good faith fact findings with respect to ORX's audit results of the previous pharmacy Texas Care.

**44.** Accordingly, Defendant ORX violated Texas insurance law Section 1369.263, entitling Plaintiff to damages because of said violation, and immediate injunctive relief to compel Defendant ORX to strictly comply with all Texas Insurance laws and regulations, and to cease from unilaterally suspending payments, ceasing funds without completing an audit in accordance with Section 1369.263.

### VI. DAMAGES

45. Plaintiff has sustained damages more than this Court's jurisdictional minimum, because of the actions and/or omissions of Defendant OptumRx described hereinabove, including, but not limited to:

  (a)  Liquidated, Special or consequential damages for $210,540.47, and

  (b)  Punitive damages in the amount of $800,000 to punish and deter Defendant OptumRx from using knowingly and intentionally, and in bad faith, deny payment of

EXHIBIT D

lawful prescription claims, and more importantly to prevent Defendant ORX from causing Plaintiff serious financial harm.

(c) Imposition of a constructive trust to recoup $97,205, and any additional amount to be determined at trial.

## VII. ATTORNEY'S FEES

46.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## VIII. ALTERNATIVE ALLEGATIONS

47.     Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, **constructive trust**, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

EXHIBIT D

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUE**

       Respectfully submitted,

       DeWood, P.C.

    By:  */s/ Nizar A. DeWood*
        Nizar A. DeWood, Esq.
        Texas Bar No. 24091997
        Email:  nizar@dewood-law.com
        4200 Montrose Blvd, Suite 540
        Houston, X 77006
        Tel. (713) 492-2274
        Fax. (888) 398-8428
        Attorney for Plaintiff Scott Place Pharmacy

**EXHIBIT D**